**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Case No. 11-cv-02765-WJM-BNB

DALIP BASANTI,

    Plaintiff,

v.

JEFFREY METCALF, M.D.,
JASON ROZESKI, M.D.,
PLATTE VALLEY MEDICAL CENTER,
THE UNITED STATES OF AMERICA, by and through
SALUD FAMILY HEALTH CENTER,

    Defendants.

---

**ORDER GRANTING DEFENDANT METCALF'S AND ROZESKI'S
MOTIONS TO DISMISS CERTAIN CLAIMS**

---

Plaintiff Dalip Basanti brings claims against Defendants Jeffrey Metcalf, Jason Rozeski, Platte Valley Medical Center, and the United States of America, by and through Salud Family Health Center (collectively "Defendants"), arising out of the health care provided to Plaintiff by Defendants.  Before the Court are the following motions: (1) Defendant Metcalf's Motion to Dismiss Plaintiff's Claim of Negligence for Failing to Obtain Informed Consent (ECF No. 52); (2) Defendant Metcalf's Motion to Dismiss Plaintiff's Claim of Negligence for Failing to Comply with Policies and Procedures (ECF No. 53); and (3) Defendant Rozeski's Motion to Dismiss Plaintiff's Informed Consent Claim (ECF No. 57).  For the reasons set forth below, all of these Motions are granted.

## I.  LEGAL STANDARD

The Motions at issue here are all brought pursuant to Federal Rule of Civil

Procedure 12(b)(6). Under Rule 12(b)(6), a defendant may move to dismiss a claim in a complaint for "failure to state a claim upon which relief can be granted." In evaluating such a motion, a court must "assume the truth of the plaintiff's well-pleaded factual allegations and view them in the light most favorable to the plaintiff." *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007). The dispositive inquiry is "whether the complaint contains 'enough facts to state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Granting a motion to dismiss "is a harsh remedy which must be cautiously studied, not only to effectuate the spirit of the liberal rules of pleading but also to protect the interests of justice." *Dias v. City & Cnty. of Denver*, 567 F.3d 1169, 1178 (10th Cir. 2009) (quotation marks omitted). "Thus, 'a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely.'" *Id.* (quoting *Twombly*, 550 U.S. at 556).

## II. FACTUAL BACKGROUND

The relevant facts, as pled in Plaintiff's Amended Complaint, are as follows[1]:

Between November 1999 and November 2009, Plaintiff Dalip Basanti repeatedly sought medical treatment from Defendant Salud Family Health Center ("Salud") for various medical conditions. (Am. Compl. (ECF No. 50) ¶¶ 6-218.) She was diagnosed with uncontrolled diabetes and neuropathy and sought treatment for these conditions semi-regularly. (*Id.* ¶ 20.)

Beginning in April 2006, Plaintiff saw various providers at Salud on a periodic basis with complaints of pain in various parts of her body. (*Id.* ¶¶ 31-76.) Plaintiff was

---

[1] This Order contains a very abbreviated version of the facts, as very few of the facts in this case are relevant to the pending Motions.

generally treated with painkillers, given stretching exercises, and referred to physical therapy.  (*Id*.)

On September 20, 2009, Plaintiff saw Defendant Jeffery Metcalf at Platte Valley Medical Center.  (*Id*. ¶ 78.)  Plaintiff reported numbness in her left leg for five days and pain in her left shoulder for one week.  (*Id*. ¶¶ 77-81.)  Evaluation showed that Plaintiff had a sensory deficit and focal motor weakness on her left side and her left leg was weak, but she was able to move all extremities without limitation.  (*Id*. ¶¶ 82-85.)  Dr. Metcalf's "differential included ischemic CVA, cerebral-cervical trauma, CNS mass/tumor and hypoglycemia."  (*Id*. ¶ 86.)  His final diagnosis was "back pain and paresthesias."  (*Id*. ¶ 87.)  Dr. Metcalf did not order any imagining of Plaintiff's spine and performed no diagnostic testing to evaluate his differential diagnosis of CNS mass/tumor.  (*Id*. ¶¶ 88-89.)  Dr. Metcalf discharged Plaintiff with instructions to follow up with her regular physician in two days.  (*Id*. ¶ 90.)

Plaintiff followed up with Salud where she was again prescribed pain killers and told that the pain would likely resolve itself.  (*Id*. ¶¶ 108-148.)  The medical providers at Salud attributed Plaintiff's pain and numbness to her diabetes and neuropathy and informed her that better control of her blood sugar would likely be beneficial.  (*Id*.)

On October 27, 2009, Plaintiff again reported to Platte Valley Medical Center.  (*Id*. ¶ 149.)  Plaintiff complained of shoulder pain, constipation, weakness, right leg tingling, and vomiting.  (*Id*.)  Plaintiff was seen by Defendant Rozeski in the Emergency Department who diagnosed her with hyponatremia, diabetes, and weakness and admitted her to the Platte Valley medical floor.  (*Id*. ¶¶ 150-52.)  Once Plaintiff was admitted to the medical floor, she was seen by a different physician.  (*Id*. ¶ 157.)

The following day, after a battery of tests and scans, it was discovered that Plaintiff's thoracic spine was being compressed by a right anterior intradural mass with myelopathy.  (*Id.* ¶ 212.)  Plaintiff was transferred to Aurora South Medical Center, where surgery was performed which revealed that Plaintiff had a benign spinal cord endedermal cyst.  (*Id.* ¶¶ 213-15.)  Two weeks after surgery, Plaintiff was discharged from Aurora South with a diagnosis of paraplegia at the T-4 level secondary to severe cord compression and neurogenic shock.  (*Id.* ¶¶ 216-17.)  Plaintiff's medical condition has not improved and is permanent.  (*Id.* ¶¶ 219-22.)

Based on these events, Plaintiff's Amended Complaint brings claims for negligence against Drs. Metcalf and Rozeski, and the United States by way of Salud Family Health Center, *respondeat superior* liability against Platte Valley Medical Center, and two violations of the Emergency Medical Treatment and Active Labor Act, 42 U.S.C. §§ 1395dd *et seq.* against Platte Valley Medical Center.  (Am. Compl. pp. 22-39.)  Defendants Metcalf and Rozeski filed an Answer with respect to most of the claims against them but move to dismiss the claims discussed below.

### III.  ANALYSIS

The Motions raise two issues: (1) whether Plaintiff has stated a negligence claim under the theory of informed consent; and (2) whether Plaintiff has stated a claim for negligently failing to comply with policies and procedures.  The Court will address each issue in turn below.

**A.   Informed Consent**

Plaintiff's Amended Complaint alleges that Defendants Metcalf and Rozeski were negligent in "[f]ailing to obtain Ms. Basanti's informed consent."  (Compl. ¶¶ 247(f);

252(d).) Defendants move to dismiss these claims and argue that Plaintiff's Amended Complaint fails to allege sufficient facts to state a claim upon which relief could be granted. (ECF Nos. 52 & 57.)

In Colorado[2], "[t]o show lack of informed consent, a plaintiff must show that the defendant did not obtain informed consent from the patient, that a reasonable person would not have consented to the procedure if information had been given to the plaintiff, and that the defendant's negligent failure to inform caused the plaintiff's damages." *Williams v. Boyle*, 72 P.3d 392, 398 (Colo. App. 2003). A claim for lack of informed consent is distinct from a negligence claim and must be "based on the information communicated by a physician to patient before a particular procedure or treatment is commenced." *Gorab v. Zook*, 943 P.2d 423, 427 (Colo. 1997).

Defendants argue that Plaintiff has failed to allege sufficient facts to support her informed consent claim. The Court agrees. In her response to the Motions to Dismiss, Plaintiff contends that the "treatment" by Defendant Metcalf for which informed consent was lacking was the decision to discharge her rather than perform additional tests related to his differential diagnosis of a CNS mass/tumor. (ECF No. 63 at 3.) With respect to Defendant Rozeski, Plaintiff alleges that "treatment" relevant to her informed consent claim was his decision to admit Plaintiff to Platte Valley's medical floor rather than offering her the option to receive additional treatment "more appropriately suited to her neurological condition." (ECF No. 65 at 3.)

These allegations do not state a claim for lack of informed consent. The

---

[2] Colorado law applies to this case because the Court has supplemental jurisdiction over this state law claim. *See Romero v. Int'l Harvester Co.*, 979 F.2d 1444, 1449 n.3 (10th Cir. 1992).

decision to discharge or admit to a particular floor is not a "treatment" or a "procedure" for which a physician must advise a patient of the risks so that the patient can make an informed decision. There is no allegation that either of the physician Defendants undertook any particular procedure that harmed the Plaintiff; rather, the allegations here involve the *failure* to perform sufficient tests and/or procedures that would have resulted in a proper diagnosis of Plaintiff's medical condition. The Court agrees with Defendants' position that the facts Plaintiff alleges relate to her general negligence claim and do not state a claim for informed consent.

Accordingly, the Court grants Defendants' Motion to Dismiss Plaintiff's informed consent claim.

**B.     Failure to Follow Policies and Procedures**

Plaintiff's Amended Complaint brings a claim against Defendant Metcalf for "failing to comply with Platte Valley Medical Center's policies and procedures, including, but not limited to, EMTALA and patient discharge". (Am. Compl. ¶ 247(g).) Plaintiff does not bring a similar claim against Defendant Rozinski.

In moving to dismiss the policies and procedures claim, Defendant Metcalf argues that, as a matter of law, Colorado law precludes this claim against a physician because a hospital cannot interfere with a physician's independent judgment. (ECF No. 53 at 8.) Plaintiff responds by acknowledging the law as stated by Defendant but arguing that a hospital can create a "standard of care" that applies to all physicians that have privileges to practice in its facility. (ECF No. 64 at 2-3.) Plaintiff cites no case law supporting her position.

The Court concludes that the law supports Defendant's position. Colorado law is

clear that a hospital may not interfere with a physician's independent professional judgment. *Pediatric Neurosurgery, P.C. v. Russell*, 44 P.3d 1063, 1067 (Colo. 2002). Rather, the "standard of care" relevant to a physician's medical decision is that set forth in Colorado's medical negligence cases; not what any particular medical facility defines it to be. *See Day v. Johnson*, 255 P.3d 1064, 1069 (Colo. 2011).

Therefore, the Court finds that Plaintiff has not stated a claim against Defendant Metcalf based on failure to follow Platte Valley Medical Center's policies and procedures. Defendant Metcalf's Motion to Dismiss this claim is granted.

### IV. CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1. Defendant Metcalf's Motion to Dismiss Plaintiff's Claim of Negligence for Failing to Obtain Informed Consent (ECF No. 52) is GRANTED and such claim is DISMISSED WITH PREJUDICE;

2. Defendant Metcalf's Motion to Dismiss Plaintiff's Claim of Negligence for Failing to Comply with Policies and Procedures (ECF No. 53) is GRANTED and such claim is DISMISSED WITH PREJUDICE; and

3. Defendant Rozeski's Motion to Dismiss Plaintiff's Informed Consent Claim (ECF No. 57) is GRANTED and such claim is DISMISSED WITH PREJUDICE.

Dated this 7th day of January, 2013.

BY THE COURT:

William J. Martinez
United States District Judge