**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Case No. 11-cv-02765-WJM-BNB

DALIP BASANTI,

      Plaintiff,

v.

JEFFREY METCALF, M.D.,
JASON ROZESKI, M.D.,
PLATTE VALLEY MEDICAL CENTER,
THE UNTIED STATES OF AMERICA, and
SALUD FAMILY HEALTH CENTER

      Defendants.

---

**ORDER OF RECUSAL**

---

      This matter comes before the Court on the Notice filed in this case by Defendant United States of America. (ECF No. 117). In the Notice, the United States informed the Court that, while it did not seek recusal of the undersigned, it did wish to bring to the Court's attention the relationship the undersigned's spouse has with one of the Defendant's primary testifying expert witnesses in this case, Mark Deutchman, M.D.

      In addition to her position as Associate Director of Denver Public Health, the undersigned's wife, Judith C. Shlay, M.D., also holds a position on the faculty of the University of Colorado School of Medicine's Department of Family Medicine. The United States has brought to the Court's attention the fact that Dr. Deutchman is also a Professor in the Department of Family Medicine at the University of Colorado School of Medicine, and as a result knows the undersigned's wife. *Id.* at 2. More specifically, Dr. Deutchman is a member of the Committee that votes on faculty promotions, and was a

member of that Committee when it previously voted on the undersigned's wife's faculty promotion. *Id.*

As directed to by the Court, Plaintiff has filed a Response to the Notice. (ECF No. 121) (the "Response"). Plaintiff urges the undersigned's recusal, premised primarily on the possibility that Dr. Deutchman might in the future reprise in some fashion his role with respect to the undersigned's wife's continuing faculty appointment at the University of Colorado School of Medicine. *Id.* at 2-3. The Court finds that Plaintiff raises valid points in the Response, most particularly in light of the fact that the trial in this case would be a trial to the Court.

Section 455(a) of Title 28 of the United States Code states that "Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." A trial judge must recuse himself when there is an appearance of bias, regardless of whether there is actual bias. *Nichols v. Alley*, 71 F.3d 347, 350 (10th Cir. 1995). The test is whether a reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality. *Hinman v. Rogers*, 831 F.2d 937, 939 (10th Cir. 1987).

The Court holds that its impartiality in this case might reasonably be questioned by an objective observer, given the relevant circumstances summarized above. *United States v. Gigax*, 605 F.2d 507, 511 (10th Cir. 1979), *overruled on other grounds by United States v. Lang*, 364 F.3d 1210, 1216 (10th Cir. 2004) (When considering disqualification in any case, the facts are to be "evaluated from the viewpoint of an objective reasonable observer.").

It is therefore ORDERED that the Judge's file be returned to the Clerk's office for

the case to be reassigned by random draw.

Dated this 5th day of April, 2013.

BY THE COURT:

_____
William J. Martínez
United States District Judge