IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 11-cv-02765-PAB-BNB

DALIP BASANTI,

Plaintiff,

v.

JEFFREY METCALF, M.D.,
JASON ROZESKI, M.D.,
PLATTE VALLEY MEDICAL CENTER, and
THE UNITED STATES OF AMERICA,

Defendants.

_____

**ORDER**
_____

This matter arises on **Defendant Jason Rozeski's Motion to Strike Supplemental
Expert Reports** [Doc. # 196, filed 7/9/2013] (the "Motion to Strike").  I held a hearing on the
Motion to Strike this afternoon and made rulings on the record, which are incorporated here.

Plaintiff's experts Dr. David Glaser and Dr. Laurence Huffman submitted supplemental
expert reports on June 27, 2013, after they had been deposed.  The supplemental reports were the
result of important deposition testimony of one of the plaintiff's treating physicians--Dr. Layne
Bracy--who has been endorsed by the United States as an expert under Fed. R. Civ. P.
26(a)(2)(C).  The summary of facts and opinions to which Dr. Bracy was expected to testify, as
disclosed on March 1, 2013, pursuant to Fed. R. Civ. P. 26(a)(2)(C)(ii) indicated that "[h]e will
testify about his findings from his examination of Plaintiff that included strength testing. _He
found some decreased motor strength in her right leg though his findings were basically
consistent with Dr. Rozeski._"  Response [Doc. # 205] at p. 2 (original emphasis).  Dr. Bracy's

deposition testimony, taken on May 21, 2013, was inconsistent with the anticipated testimony

disclosed under Rule 26(a)(2)(C)(ii), however.  At his deposition, Dr. Bracy testified "what I saw

as the key element of the case, which was that [the plaintiff] had a relatively new **paralysis of**

**the right leg**, which I confirmed on my exam."  Deposition of Layne Bracy, M.D. [Doc. # 205-

1] at p. 11 lines14-22 (emphasis added).

The supplementation of the expert reports by Drs. Glaser and Huffman is the result of

new and unanticipated evidence from a doctor over whom the plaintiff had no control.  The

supplements were made within the time allowed under Fed. R. Civ. P. 26(e)(2).  I agree with

plaintiff's counsel that the plaintiff has done nothing wrong or which justifies the relief sought

by Dr. Rozeski.

On the other hand, I am informed that the supplemental reports of Drs. Glaser and

Huffman come as a surprise to the defendants.  To avoid surprise or any prejudice associated

with the supplemental reports, I will allow Dr. Rozeski and Platte Valley Medical Center to

supplement their experts' reports to address the new issues raised in the supplemental reports of

Drs. Glaser and Huffman.  In addition, the plaintiff shall make Drs. Glaser and Huffman

available for supplemental deposition questioning, not to exceed three hours for each witness, on

the new issues raised in their supplemental reports.  The supplemental expert reports allowed by

this order must be served on all other parties and the supplemental depositions of Drs. Glaser and

Huffman must be completed no later than 5:00 p.m. Mountain Time on October 1, 2013.

IT IS ORDERED:

(1)      The Motion to Strike [Doc. # 196] is DENIED;

(2)      On or before October 1, 2013, at 5:00 p.m., Dr. Rozeski and Platte Valley

Medical Center may supplement their experts' reports to address the new issues raised in the supplemental reports of Drs. Glaser and Huffman; and

(3)    Discovery is reopened for the limited purpose of allowing the defendants to reopen the depositions of Drs. Glaser and Huffman on the new issues raised in the supplemental reports of Drs. Glaser and Huffman.  Each reopened deposition shall not exceed three hours and must be completed no later than on October 1, 2013, at 5:00 p.m.

Dated September 5, 2013.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge