IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 11-cv-02765-PAB-NYW

DALIP BASANTI,

      Plaintiff,

v.

JEFFREY METCALF, M.D.,
JASON ROZESKI, M.D., and
THE UNITED STATES OF AMERICA,

      Defendants.

_____

**ORDER**
_____

      This matter is before the Court on Plaintiff's Motion Requesting the Court to Review the Deputy Clerk's Determination of Costs to Defendant United States of America and Deny the Bill of Costs in Full [Docket No. 401].

## I. BACKGROUND

      Plaintiff Dalip Basanti brought this case against the United States pursuant to the Federal Tort Claims Act, 28 U.S.C. § 1346(b) and §§ 2671-2680. Ms. Basanti alleged that the United States provided negligent medical treatment to her through three doctors – Dr. Kelet Robinson, Dr. Lorraine Rufner, and Dr. Melissa Beagle – employed by the Salud Family Health Center, which received funding under the Federally Supported Health Centers Assistance Act ("FSHCA"), 42 U.S.C. 233(g) et seq. and, as a result, Ms. Basanti became permanently paralyzed. Docket No. 50. Ms. Basanti also brought state law negligence claims against Dr. Jeffrey Metcalf and Dr. Jason Rozeski,

physicians who were not employed by the Salud Family Health Center.  Ms. Basanti's claims against Dr. Metcalf and Dr. Rozeski were tried to a jury, which returned a verdict in favor of Dr. Metcalf and Dr. Rozeski.  Plaintiff's claims against the Salud Family Health Center were tried to the Court pursuant to the Federal Tort Claims Act.  Docket No. 401 at 2.  On February 26, 2015, the Court issued an order in favor of the United States and against plaintiff.  Docket No. 388.  The Court found that, although the United States provided substandard care to plaintiff in some instances, *see id.* at 65, there was insufficient evidence to conclude that such substandard care caused any harm to Ms. Basanti.  *Id*. at 87.

## II.  STANDARD OF REVIEW

Federal Rule of Civil Procedure 54(d)(1) states that, "unless a federal statute, these rules, or a court order provides otherwise, costs–other than attorney's fees–should be allowed to the prevailing party."  This rule creates a presumption that the district court will award the prevailing party its costs, placing the burden on the non-prevailing party seeking to overcome the presumption.  *Rodriguez v. Whiting Farms, Inc.*, 360 F.3d 1180, 1190 (10th Cir. 2004).  "When a district court exercises its discretion and denies costs to a prevailing party, it must provide a valid reason for the denial."  *Id*.  Other circuits have held that a district court does not abuse its discretion in denying costs when (1) the prevailing party was obstructive and acted in bad faith during the course of litigation; (2) only nominal damages are awarded; (3) the issues were close and difficult; (4) the costs are unreasonably high or unnecessary; or (5) the non-prevailing party is indigent.  *Id*. (internal citations omitted).

2

### III.  ANALYSIS

Ms. Basanti argues that the Court should deny costs because she is indigent and because the issues in the case were close and difficult.  Docket No. 401 at 3-4.  Ms. Basanti submits an affidavit indicating that her sole monthly income is $226 in food stamps and $659 in disability payments.  *See* Docket No. 401-3.  Her husband, Mr. Basanti, is unemployed and his sole source of income is approximately $771 in Social Security retirement funds every month.  Docket No. 401 at 3.  Mr. and Ms. Basanti's combined total monthly income, including disability payments, food stamps, and Social Security retirement, is $1656.  Ms. Basanti's total monthly obligations total approximately $1483 each month.  Docket No. 401-3 at 4.  Thus, Ms. Basanti has a surplus of $173 each month.

The United States argues that Ms. Basanti fails to offer sufficient proof of financial hardship.  Docket No. 404 at 2.  First, the United States argues that it is impossible for the Court to fairly assess Ms. Basanti's indigence unless the Court has before it the terms of the settlement she received from Platte Valley Medical Center.  Docket No. 404 at 2.  Ms. Basanti responds that the financial disclosure affidavit states that all amounts from the settlement with Platte Valley Medical Center were used to pay her costs.  Docket No. 406 at 2-3.  The Court finds no reason to doubt her affidavit in this regard.

The United States next argues that Ms. Basanti does not disclose property that she and her husband own or that her husband owns for which she is a beneficiary, and without this information, it is impossible to accurately evaluate Ms. Basanti's assertion of indigence.  Docket No. 404 at 3.  Ms. Basanti discloses in the financial affidavit and

3

in her motion that Ms. and Mr. Basanti jointly own a house with an estimated valuation of $220,000 and on which they owe $151,000.  Docket No. 401 at 3; Docket No. 401-3 at 3.  The financial affidavit also indicates that Mr. Basanti is unemployed.[1]  The Court finds no grounds to believe her disclosure is incomplete.

Mr. and Ms. Basanti have approximately $173 in surplus income each month with which to cover all other family expenses.  *Cf. Gallardo v. United States*, No. 10-cv-00868-PAB-CBS, 2013 WL 524201, at *2 (D. Colo. Feb. 12, 2013) (finding plaintiff indigent notwithstanding $453 "extra per month, after all bills are paid" after taking into account the reasonable family expenses not included on the financial affidavit); *see also In re Smith*, 323 F. Supp 1082, 1091-92 (D. Colo. 1971) (discussing considerations for determining that a party is indigent).  The Court finds that Ms. Basanti has established her indigence.  As the Court finds that plaintiff is indigent, it is within the Court's discretion to deny an award of costs.  *See Cantrell v. Int'l Bhd. of Elec. Workers*, 69 F.3d 456, 459 (10th Cir. 1995) (citing *Burroughs v. Hills*, 741 F.2d 1525, 1542 (7th Cir. 1984)).

The United States next argues that Ms. Basanti has failed to establish that the issues in this case were "close and difficult," notwithstanding the finding of breaches in the standard of care provided to Ms. Basanti.  Docket No. 404 at 4.  "The closeness of a case is judged not by whether one party clearly prevails over another, but by the refinement of perception required to recognize, sift through and organize relevant

---

[1]The financial affidavit states: "If spouse is employed, complete the following:" and this section of the affidavit was not completed.  Docket No. 401-3 at 2.  Moreover, the instant motion states that Mr. Basanti is unemployed.  Docket No. 401 at 3.

evidence, and by the difficulty of discerning the law of the case." *White & White, Inc. v. American Hospital Supply Corp.*, 786 F.2d 728, 732-33 (6th Cir. 1986).  In its 88-page February 26, 2015 order, the Court found several instances in which Ms. Basanti received substandard medical care.  Dr. Robinson breached the standard of care by failing to acquire medical records from Ms. Basanti's Platte Valley Medical Center Emergency Room visit or to speak with Dr. Metcalf regarding his care and treatment of Ms. Basanti.  Docket No. 388 at 65.  Dr. Beagle's neurological exam breached the standard of care by failing to take a proper patient history and failing to determine the degree of numbness and motor function in Ms. Basanti's legs.  *Id*. at 79-80.  The Court dedicated twenty-two pages to analyzing the relevant evidence to determine whether the Salud physicians breached the standard of care and whether the aforementioned breaches caused Ms. Basanti's injuries.  *Id*. at 63-85.  Ultimately, the Court found that there was insufficient evidence to support a finding that the Salud physicians caused a delay in the diagnosis of Ms. Basanti's spinal cord cyst, and thus did not cause Ms. Basanti's injuries.  *Id*. at 87.  The Court finds that the issues in this case were "close and difficult," and therefore, exercising its discretion, will deny an award of costs on this ground and on the ground that plaintiff is indigent.  *See Cantrell,* 69 F.3d at 459.

## IV.  CONCLUSION

For the foregoing reasons it is

**ORDERED** that Plaintiff's Motion Requesting the Court to Review the Deputy Clerk's Determination of Costs to Defendant United States of America and Deny the Bill of Costs in Full [Docket No. 401] is **GRANTED**.  It is further

5

**ORDERED** that each party shall bear its own costs.


DATED March 8, 2016.

BY THE COURT:


  s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge